UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 14-11928-GAO

MICHAEL DOLAN,
Plaintiff,

v.

CAROLYN W. COLVIN,
Acting Commissioner, Social Security Administration,
Defendant.

OPINION AND ORDER
March 4, 2016

O'TOOLE, D.J.

"Where a claimant has nonexertional impairments in addition to exertional limits, the Grid may not accurately reflect the availability of jobs such a claimant could perform. . . . Usually, testimony of a vocational expert is required." Heggarty v. Sullivan, 947 F.2d 990, 996 (1st Cir. 1991). On the other hand, "[i]f a non-strength impairment, even though considered significant, has the effect only of reducing [the] occupational base marginally, the Grid remains highly relevant and can be relied on exclusively to yield a finding as to disability." Ortiz v. Sec'y of Health & Human Servs., 890 F.2d 520, 524 (1st Cir. 1989) (footnote omitted).

The Administrative Law Judge ("ALJ") in his decision in this case concluded that the claimant's nonexertional limitations "have little or no effect on the occupational base of unskilled light work." (Administrative Tr. at 22.)[1] Presumably, the ALJ considered the effect of nonexertional limitations to be "marginal" only, permitting resort only to the Grid without the

---

[1] The administrative record has been filed electronically (dkt. no. 14). In its original paper form, its pages are numbered in the lower right-hand corner of each page. Citations to the record are to the pages as originally numbered, rather than to numbering supplied by the electronic docket.

assistance of testimony of a vocational expert, as suggested by the Ortiz case. The decision fails to articulate the reasons for that summary conclusion, however, making it impossible to evaluate the soundness or not of the conclusion on this action for review.

The matter is remanded to the Commissioner. On remand, the ALJ should, at minimum, explain in detail his reasons for his conclusion that resort to the Grid alone was proper. He may also deem it appropriate to reopen the record to permit additional evidence, including, but not limited to, updated medical information and/or testimony from a vocational expert.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge